UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW M. DENNIS,<br><br>            Plaintiff,<br><br>     v.<br><br>GENE DOSER, ET. AL.,<br><br>            Defendants. | Case No. 1:22-cv-00818-HBK (PC)<br><br>ORDER DENYING PLAINITFF'S MOTION FOR EARLY ALTERNATIVE DISPUTE RESOLUTION AND MOTION TO CHANGE VENUE<br><br>(Doc. No. 11) |

      Pending before the Court is Plaintiff's motion filed on October 20, 2022. (Doc. No. 11). Plaintiff Matthew M. Dennis initiated this action by filing a pro se prisoner civil rights complaint under 42 U.S.C. § 1983 on July 5, 2022 stemming from incidents that he alleges occurred at Kern Valley State Prison ("KVSP") and other correctional facilities. (Doc. No. 1). The Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. No. 9). The Complaint names the following defendants: Gene Doser, Sergeant; FNI Dinnis, Correctional Officer; FNU Swanson, Correctional Officer; FNU Esponisa, Sergeant; C. Pfieffer, Warden KVSP; Mrs. Miranda, Correctional Counselor at Corcoran; Mr. De La Cruz, correctional counsel at Corcoran; and Kathleen Allison, the Secretary of the California Department of Corrections and Rehabilitation. (*Id*. at 1-2). The Complaint identifies 14 claims for relief including but not limited to excessive use of force, retaliation, and stolen property claims. (*Id*. at 1-22).

      Plaintiff's instant motion explains he anticipated being released from custody in 60 days

and upon release his goal is "to obtain counsel immediately." (Doc. No. 11 at 1).  Plaintiff does not seek appointment of counsel, otherwise request the Court appoint him counsel, nor does he state any grounds to support appointment.  (*See generally id.*).  Plaintiff does, however, seek early alternative dispute resolution before the Court.  (*Id.*).  Plaintiff also appears to request to change venue because he anticipates moving to San Diego after his release from custody.  (*Id.* at 4).

A review of the docket shows a screening order under § 1915A is necessary on the initial complaint.  Therefore, Plaintiff's request to attend early alternative dispute resolution is premature currently considering the Court has not ordered service of process.  To the extent Plaintiff wishes to change venue to a court in San Diego based on his anticipated re-location, venue is only proper before this Court.  Title 28 U.S.C. § 1391(b) provides venue is appropriate where any defendant resides, where a substantial part of the events or omissions giving raise to the claim occurred, or any district in which a defendant is subject to the personal jurisdiction of the court with respect to the action.  *Id.*; *see also Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir. 1995) (reviewing federal court jurisdiction and venue in a § 1983 action).  Thus, the Court declines to grant Plaintiff's request to transfer this case under 28 U.S.C. § 1406(a) in anticipation of Plaintiff's re-location to San Diego after his release from custody.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for early alternative dispute resolution is DENIED as premature.
2. Plaintiff's motion to change venue is DENIED.

Dated:     October 24, 2022

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE